## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CASSADI COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:22-cv-184-TFM-N |
| | ) | |
| UNIVERSITY OF SOUTH ALABAMA, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendants' Motion to Dismiss and/or for Summary Judgment* (Doc. 11, filed July 12, 2022) and *Defendant Alexis Meeks-Rydell's Motion to Dismiss, Alternatively Motion for Summary Judgment* (Doc. 12, filed July 12, 2022). After a careful review of the complaint, the motions, responses, replies, and the applicable law, the Court finds the motions to dismiss (Docs. 11, 12) are due to be **GRANTED** as to the argument that the complaint is a shotgun pleading, which merits dismissal without prejudice.[1] However, rather than strike the complaint and outright dismiss the action, Plaintiff shall be given one chance to cure and amend her complaint.

### I.   JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (violation of a civil right). Further, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state-law claims that are alleged in the complaint.

---

[1] The Court need not address the remaining arguments in the motions to dismiss/alternative motions for summary judgment given this finding.

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. The district court has personal jurisdiction over the claims in this action because the events that gave rise to this action are alleged to have occurred within this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state."). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter are alleged to have occurred in this judicial district.

## II.     BACKGROUND

On May 5, 2022, Plaintiff Cassadi Colbert ("Plaintiff" or "Colbert") originally filed her complaint with this Court. Doc. 1. Plaintiff alleges a "pattern and practice of blatant sexual harassment and sexual and other physical and emotional assault by Defendant [Alexis] Meeks-Rydell [("Meeks-Rydell")] during her time as the Head Coach of the University of South Alabama women's volleyball team." Doc. 1 at 1. Plaintiff alleges the conduct occurred between January 1, 2019 through the 2019-202 academic school year. *Id.*[2]

Plaintiff brings her suit against the following, which the Court will collectively reference

---

[2] Another action that is related to the instant matter was also filed in this Court by other members of the University of South Alabama women's volleyball team, who allege a similar "pattern and practice of blatant sexual harassment and sexual and other physical and emotional assault by [ ] Meeks Rydell." *Demarcus v. Univ. of S. Ala.*, Civ. Act. No. 1:21-cv-00380-KD-B, Doc. 31 (S.D. Ala. Dec. 17, 2021).

as Defendants, but also will reference certain groupings:

(1) The "University Defendants," which the Court groups individually and sub-referenced as:

    a. University of South Alabama ("USA")

    b. Rob Chilcoat ("Chilcoat"), Joel Erdmann ("Erdmann"), Jinni Frisbey ("Frisbey"), Patricia Gandolfo ("Gandolfo"), and Chris Moore ("Moore) (Chilcoat, Erdmann, Frisbey, Gandolfo, and Moore, collectively, the "individual University Defendants")

(2) Meeks-Rydell.

*Id*. at 3-4.

In her complaint, Plaintiff has a facts section that is divided into headings: "The University's Women's Volleyball Coaching Staff," "Meeks-Rydell's Abusive Coaching Tactics," and "Additional Facts Specific to Plaintiff." *Id*. at 5-12. Plaintiff then moves to a section that alleges USA failed to protect her after it became aware of Meeks-Rydell's abuse. *Id*. at 13-15.

Plaintiff then alleges seven counts based on the allegations that precede them: (1) for violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a) (Count 1); (2) violation of her substantive due process rights under the Fourteenth Amendment and brought pursuant to 42 U.S.C. § 1983 (Count 2); (3) negligent/wanton/reckless hiring, retention, and supervision (Count 3); (4) assault and battery (Count 4); (5) invasion of privacy (Count 5); (6) intentional infliction of emotional distress/outrage (Count 6); and (7) breach of contract (Count 7). *Id*. at 15-27. At the beginning of each count, Plaintiff inserts a paragraph that incorporates all of the previous paragraphs from the preceding section.

On July 12, 2022, the University Defendants and Meeks-Rydell filed their respective

motions to dismiss.  Docs. 11, 12.  The University Defendants motion the Court dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12 and 56 because it is a "shotgun" pleading, most of her claims are time-barred, USA is immune from all of her claims except for her Title IX claim for deliberate indifference for which she has failed to state a claim, the claims against the individual University Defendants fail to state a claim, and the individual University Defendants are entitled to immunity.  Doc. 11 at 1.  Meeks-Rydell motions the Court dismiss Plaintiff's complaint because it is a "shotgun" pleading, many of her claims are time-barred, Meeks-Rydell is entitled to qualified immunity for her alleged violation of 42 U.S.C. § 1983, Plaintiff fails to state a claim for violation of 42 U.S.C. § 1983, Meeks-Rydell is entitled to state-actor immunity as to Plaintiff's state-law claims, and Plaintiff fails to state a claim for assault and battery, invasion of privacy, and intentional infliction of emotional distress/outrage.  Doc. 12 at 2.  In the alternative, Meeks-Rydell motions the Court grant summary judgment as to Plaintiff's claims for violation of 42 U.S.C. § 1983, invasion of privacy, and intentional infliction of emotional distress/outrage because they are time-barred.  *Id.*  Plaintiff timely filed her responses in opposition to the Defendants motions.  *See* Docs. 15, 16.  The University Defendants and Meeks-Rydell, timely filed their respective replies.  Docs. 17, 18.  The Court finds oral argument unnecessary to resolve the issues that are raised in the motions to dismiss, and therefore, the motions are ripe for adjudication.

### III.   DISCUSSION AND ANALYSIS

The University Defendants argue Plaintiff's complaint is a shotgun pleading because it incorporates all of the preceding allegations into each successive count, is replete with vague and conclusory allegations about the nature of Meeks-Rydell's conduct and the University Defendants' awareness of the conduct, and asserts multiple claims against multiple defendants but is not specific as to what allegedly unlawful conduct was committed by a particular defendant, except

for Meeks-Rydell. Doc. 11 at 6-7. Meeks-Rydell argues there is another related action that was filed in this Court that is before another district judge in which, upon motions to dismiss the original, amended, and second amended complaints, the complaints were ruled to be "shotgun" pleadings and were dismissed without prejudice. Doc. 12 at 4-5. Meeks-Rydell argues the complaint in this action suffers from the same defects as the complaints that were dismissed in the related action, including each count adopts the allegations of each successive count and the complaint is rife with legal conclusions, and devoid of facts. *Id.* at 5-7.

In response, Plaintiff argues she pleads many of the same facts as are alleged in the related action, but here, there is a single plaintiff and the complaint is tailored specifically to her. Doc. 15 at 6-7. Further, Plaintiff argues she sufficiently pleads facts to place the University Defendants on notice of the claims against them. *Id.* at 7-8.

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

(citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).[3] Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

A review of Plaintiff's complaint shows it contains many detailed factual allegations, but those allegations are also replete with conclusory statements that are presented as facts. More

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

importantly, the complaint is the quintessential first type of shotgun pleading in that each count adopts the allegations of all of the preceding paragraphs, which "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citations omitted). Finally, for many of the counts in the complaint, they are brought against multiple defendants and are not specific as to what alleged unlawful conduct and timeframe relates to which defendant, except for conduct alleged against Meeks-Rydell.

The pleading issues described frustrate the Court's (and Defendants') ability to determine whether Plaintiff has stated claims upon which relief can be granted as well as properly address Defendants' arguments for dismissal. *See. Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun pleading]. We could perhaps decide whether some of these claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleading on remand. Piecemeal adjudication of that kind, however, does not promote judicial efficiency."). Further, while not in this case, this is not the first time Plaintiff's counsel has been warned of such shotgun pleadings. *See DeMarcus v. Univ. of S. Ala.*, Civ. Act. No. 1:21-cv-380, Docs. 59, 62, 74.

Therefore, the Court will grant the dismissal of Plaintiff's complaint as a shotgun pleading and allow her one opportunity to remedy the deficiencies contained therein. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." (citation and internal quotation marks omitted)). "Implicit in such instruction is the

notion that if the plaintiff fails to comply with the court's order-by filing a repleader with the same deficiency-the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).  Further, the Court will deny without prejudice the remainder of the motions to dismiss as moot with leave to reassert their arguments if appropriate.

### IV.   CONCLUSION

Accordingly, Defendants' motions to dismiss (Docs. 11, 12) are **GRANTED** to the extent the Court finds Plaintiff's complaint is a shotgun pleading.  Plaintiff is **ORDERED** to file by **April 7, 2023**, an amended complaint that remedies the deficiencies and complies with Fed. R. Civ. P. 8 and 10 by presenting each of Plaintiff's claims for relief against each Defendant with sufficient clarity to permit Defendants and the Court to discern the factual basis for each claim raised.  Plaintiff is put on notice that if she fails to comply and/or incorporates by reference each preceding paragraph, the Court will summarily strike the complaint and dismiss the federal claims in this action with prejudice and decline to exercise supplemental jurisdiction over the remaining state-law claims.

The remainder of the Motions to Dismiss and/or for Summary Judgment (Docs. 11, 12) are **DENIED as moot with leave to refile if appropriate**.  Further, once Plaintiff files her amended complaint, Defendants shall file their answer or other responsive pleading in accordance with Fed. R. Civ. P. 12(a)(4).

**DONE** and **ORDERED** this 29th day of March 2023.

> /s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE